CASSIUS A. LOCKHART, Appellant, v. WILLIAM HAMLIN, Respondent.

CONTRACT — IMPLIED AGREEMENT TO PROCURE A TENANT — EVIDENCE — QUANTUM MERUIT. In an action upon a contract to recover a specified sum as compensation for services in procuring a tenant for defendant, although the evidence establishes plaintiff's failure to perform, it is erroneous to dismiss the complaint where the evidence authorizes the inference of a continuation of the employment under an implied agreement to pay plaintiff in case he thereafter succeeded in procuring a tenant, and also authorizes a finding that the tenant secured was such as was contemplated by the defendant, and was procured by plaintiff's efforts; it is also error to exclude plaintiff's conversations with the tenant tending to show that he was the active cause in procuring the lease; under such circumstances, if plaintiff's employment is established to the satisfaction of the jury, he may recover upon a *quantum meruit* for the value of his services. *Lockhart* v. *Hamlin*, 116 App. Div. 921, reversed.

(Argued October 31, 1907; decided December 3, 1907.)

APPEAL from a judgment, entered December 12, 1906, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, overruling plaintiff's exceptions ordered to be heard in the first instance by the Appellate

Division, denying a motion for a new trial and directing judgment for defendant on a nonsuit at the Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Moses Shire* and *Vernon Cole* for appellant. Plaintiff brought defendant and John F. Sweeney together, and as a consequence thereof such negotiations were had as to result in the execution of the agreement which bound defendant and the Sweeney Company to enter into a lease of the premises. The plaintiff, therefore, had done all that was required of him and was entitled to receive his compensation. (*Kiernan* v. *Bloom*, 91 App. Div. 429; *Doran* v. *Bussard*, 18 App. Div. 36; *Levy* v. *Coogan*, 9 N. Y. Supp. 534; *O'Toole* v. *Tucker*, 17 Misc. Rep. 554; *Hobbs* v. *Edgar*, 23 Misc. Rep. 618; *Lloyd* v. *Matthews*, 51 N. Y. 124; *Sibbald* v. *B. I. Co.*, 83 N. Y. 378; *Cook* v. *Kromeke*, 4 Daly, 268; *Turner* v. *Putnam*, 13 N. Y. Supp. 567; *Bickart* v. *Hoffman*, 19 N. Y. Supp. 472.) It was error for the court to refuse to allow plaintiff to testify to conversations with John F. Sweeney, who was the one who made the agreement for the leasing of the premises. (*Bickart* v. *Hoffman*, 19 N. Y. Supp. 472.) The plaintiff is not estopped from claiming commissions by reason of defendant's having stated that if he had to put money in he would not pay commissions. (*R. Co.* v. *Rothery*, 107 N. Y. 310; *Thompson* v. *Simpson*, 128 N. Y. 270; *White* v. *Ashton*, 51 N. Y. 280; *Viele* v. *Judson*, 82 N. Y. 32; *Hollins* v. *Hubbard*, 165 N. Y. 534; *Collier* v. *Miller*, 137 N. Y. 332; *Brown* v. *Bowen*, 30 N. Y. 519; *Bandman* v. *Finn*, 103 App. Div. 322.) The court erred in directing a nonsuit, for the reason that there was, in any event, some evidence which would warrant the jury in finding for the plaintiff. (*Sundheimer* v. *City of New York*, 176 N. Y. 495; *Place* v. *N. Y. C. & H. R. R. R. Co.*, 167 N. Y. 375; *McDonald* v. *M. S. R. Co.*, 167 N. Y. 66.)

*Louis L. Babcock* for respondent. The plaintiff was properly nonsuited as he did not prove a performance of his ·

agreement to procure a satisfactory and responsible tenant to lease the building. (*Fraser* v. *Wyckoff*, 63 N. Y. 445.) The plaintiff has failed to establish that he was the procuring cause of the contract between John F. Sweeney, Herbert A. Meldrum and C. J. Hamlin, which provided for a lease of the premises by "The Sweeney Company." (*Wylie* v. *M. Nat. Bank*, 61 N. Y. 415; *Sibbald* v. *B. I. Co.*, 83 N. Y. 378; *Walton* v. *Chesebrough*, 39 App. Div. 665; *Wooley* v. *Bueller*, 73 Hun, 159; *Walten* v. *U. S. Ill. Co.*, 21 N. Y. S. R. 105; *Hamilton* v. *Gillender*, 26 App. Div. 156; *Markus* v. *Kenneally*, 19 Misc. Rep. 517.) It was not error for the court to refuse to allow the plaintiff to testify to conversations with John F. Sweeney not in the presence of defendant. (*Bickart* v. *Hoffman*, 19 N. Y. Supp. 472; *Walton* v. *Chesebrough*, 39 App. Div. 665; *Rutherford* v. *Simpson*, 92 N. W. Rep. 413.)

WILLARD BARTLETT, J. This is an action to recover $20,000 as compensation for services alleged to have been rendered by the plaintiff to the defendant in procuring a tenant for certain real estate in the city of Buffalo. The plaintiff was nonsuited, on the ground that he failed to prove that his efforts were the "direct procuring cause" of the lease, and that his own version of what occurred between him and the defendant estopped him from claiming any compensation for his services. Further reference will be made to these points hereafter. The trial court directed the plaintiff's exceptions to be heard in the first instance at the Appellate Division, where they were overruled, and judgment was directed in favor of the defendant.

It appeared without dispute upon the trial that the plaintiff and the defendant entered into an agreement, evidenced by written correspondence between them, whereby the plaintiff undertook to procure a tenant for the property in question, and the defendant promised to pay him $20,000 for his services in so doing, should the defendant make a lease of the said property on or before May 1st, 1904, " to any one brought

to the defendant by the plaintiff, or whose coming could be attributed to the efforts of the plaintiff." The plaintiff, after endeavoring to obtain a tenant on the terms specified in this express contract, informed the defendant that he had found it very difficult to get a man with money enough to go into business in the building. He suggested to Mr. Hamlin that he would have to put some money into the business to be carried on there, to which suggestion Mr. Hamlin responded that he had retired from business and did not care to do that, but would do so if the plaintiff found him the right kind of a tenant. According to the plaintiff's testimony, at this same interview, he told the defendant that he believed he could get Mr. John F. Sweeney, one of the most successful men in Buffalo, to go into the building; the defendant asked him how much money he would have to put in and the plaintiff said, "perhaps two hundred and fifty or three hundred thousand dollars," and the defendant finally said to the plaintiff that "if he could get the right kind of a man he would put in money."

After this conversation, the plaintiff went to see Mr. Sweeney, had a conversation with him and took him to the defendant's house, where a long interview ensued between Mr. Hamlin and Mr. Sweeney in regard to the proposition that Mr. Sweeney should enter into business in the building which Mr. Hamlin desired to rent, and that Mr. Hamlin should put money into the enterprise. Subsequently, a corporation was formed under the name of the Sweeney Company in which Mr. Sweeney, Mr. Hamlin and others were interested, and this corporation took a lease of the premises, The plaintiff bases his claim to a recovery in this action upon the making of this lease, which he alleges was due to his efforts to induce Mr. Sweeney to become a tenant and go into business upon the property in question.

If the plaintiff's case rested upon the written contract alone it is plain that he could not recover. The status of Mr. Hamlin in that contract was simply that of the landlord of the property. The agreement did not contemplate the advance of any money on his part in order to procure a tenant. The plaintiff,

according to his own testimony, tried to procure a tenant and was unable to do so unless the landlord was willing to invest a considerable sum in such business as a tenant might desire to establish in the premises. If Mr. Hamlin, at the interview when the plaintiff announced his failure in this respect, had declined to go any further in the transaction except on the conditions specified in the correspondence between him and the plaintiff there would have been an end of the matter. But if the plaintiff is to be believed he did not do this. He said : " As a last resort, if you bring me the right kind of a man I would put in the money needed." From this statement the jury, if they believed it, would have been authorized to infer an employment of the plaintiff to continue his efforts to find a tenant and an agreement by implication on the part of the defendant to pay him for his services in so doing, in case he should find a tenant with whom Mr. Hamlin could make a satisfactory arrangement as to the amount which he was to put into the business. It is true that upon his cross-examination the plaintiff admitted that Mr. Hamlin, after he had brought Mr. Sweeney to him, did say that if he was required to put in capital that ended the plaintiff's arrangement with him ; but this statement on the part of the defendant made *after* the plaintiff had brought Mr. Sweeney to his home as a prospective tenant, acting upon the previous assurance that he would put in the money needed if the plaintiff brought him the right kind of a man, could not avail to destroy the plaintiff's right to compensation for his services if the defendant afterward accepted Mr. Sweeney as a satisfactory tenant.

The jury also would have been authorized to find from the evidence that the tenancy of the corporation known as the Sweeney Company was such a tenancy as was contemplated by the defendant in his interview with the plaintiff, and that it was brought about by the plaintiff's efforts directed toward that end. The plaintiff was not allowed to testify fully on this last point, the trial court having erroneously refused to receive evidence as to his conversations with Mr. Sweeney in

reference to his taking the property. Proof of such conversations was admissible, not as evidence of the truth of any of the facts stated therein, but to show that the plaintiff's action was the procuring cause of the lease eventually made. The exception to the exclusion of this evidence was well taken.

Upon all the proof we think that the learned trial court erred in dismissing the complaint. There was no objection to any of the evidence which was received. It is true that the plaintiff did not establish his right to recover upon a contract for a specific sum as alleged in the complaint, but this did not preclude him from recovering as upon a *quantum meruit* for the value of the services which he rendered upon the defendant's employment if that employment was established to the satisfaction of the jury. (*Sussdorff* v. *Schmidt*, 55 N. Y. 319.)

The judgment should be reversed and a new trial granted, with costs to abide the event.

Cullen, Ch. J., Gray, O'Brien, Vann and Chase, JJ., concur; Werner, J., absent.

Judgment reversed, etc.