HELEN C. MCNAMARA et al., as Executors of CATHERINE E. MCNAMARA, Deceased, Respondents, v. WILLIAM M. GREGORY, as Trustee in Bankruptcy of the Estate of CHARLES J. KNAPP et al., Copartners, Composing the Firm of KNAPP BROS., Appellant.

Brokers — commissions — action to recover commissions claimed to have been earned by real estate broker in negotiating sale — erroneous exclusion of evidence tending to show that proposed purchaser would not take property.

In an action by an executrix to recover commissions claimed to have been earned by her testatrix in negotiations for a sale of real estate, plaintiff gave evidence tending to show that the decedent had procured a ready and willing purchaser, but that the premises were nevertheless sold to another. Defendant offered to show that the alleged proposed purchaser, in response to notice given him that unless he was willing to purchase, the property would be sold to another, told the defendant to let the premises go elsewhere. *Held*, that the evidence was erroneously excluded.

*McNamara* v. *Gregory*, 148 App. Div. 901, reversed.

(Argued March 5, 1914; decided April 14, 1914.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 11, 1912, affirming a judgment in favor of plaintiffs entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Archibald Howard* and *E. D. Cumming* for appellant. It was error to exclude evidence of defendant's telephone conversation with McTighe on the evening of March eighteenth. (*Dickinson* v. *Tysen*, 209 N. Y. 395.)

*Rollin W. Meeker* for respondents. The hearsay evidence offered by defendant as to statements of McTighe, the prospective purchaser, over the telephone, March eighteenth, was not admissible as independent evidence of McTighe's intention. (*McCarthy* v. *Whalen*, 87 N. Y. 147; *Hoffman* v. *Hoffman*, 6 App. Div. 84.)

Hiscock, J. This action is brought to recover broker's commissions alleged to have been earned by respondents' testatrix.

Amongst the other assets which came into the possession of appellant as trustee in bankruptcy was a house and lot. The United States District Court authorized him to sell this property for a price not less than twelve thousand dollars and to that end to employ real estate brokers and pay commissions in case a sale was effected. It is alleged in behalf of the respondents, and the jury had a right to find, that under and in accordance with this authority appellant employed respondents' testatrix to procure a purchaser at a price not less than twelve thousand dollars, giving her ten days in which to do this; that before the expiration of this period she did procure a prospective purchaser, who was ready, willing and able to pay thirteen thousand dollars for the property, but that the appellant in violation of his contract sold the property at a less sum to another purchaser and thereby deprived her of the fruits of her labor.

While, as stated, there was evidence in behalf of the respondents tending to sustain their case, we think that error was committed in the exclusion of evidence offered by the appellant which is of too substantial a character to be overlooked. The proposed purchaser whom it is alleged respondents' testatrix produced was one McTighe,

and, of course, it was essential that the jury should believe and find that McTighe was ready to purchase the premises. The proof which was offered of such readiness consisted of evidence of communications between him and testatrix. The appellant in opposition to this endeavored to show that after such alleged communications had been made and just before he was about to make a contract for the sale of the premises to the actual purchaser he conversed with McTighe over the telephone for the purpose of learning whether he would give upwards of twelve thousand dollars for the premises, and in such conversation in substance notified the latter that unless he was willing so to do he proposed to sell the premises to another purchaser, and that McTighe not only did not indicate a willingness to give the proposed price, but told the appellant to let the premises go elsewhere. This evidence was rejected by the trial judge on the theory, we suppose, that it was a mere declaration disconnected with the transaction and thus was hearsay and incompetent. We do not, however, take that view of it. As has been pointed out and as was fully recognized at the trial, it was incumbent on the respondents to establish that McTighe was ready and willing to purchase the premises. This involved proof of a mental attitude, and the only way in which it was attempted to meet this requirement was by proving his declarations to the testatrix. We think that under the circumstances his declarations to appellant indicating the non-existence of a willing mind were equally competent. Undoubtedly McTighe's statements to some third party, entirely disconnected with the transaction, that he was or was not willing to buy the premises would have been hearsay and incompetent. But that is not by any means the present case. When McTighe in response to the appellant's questions indicated an unwillingness to make the necessary offer and notified the latter to let some one else have the premises his declarations were in the nature of actions and conduct which indicated his

attitude and bore upon the question whether he was, as claimed by respondents, desirous of purchasing the premises.

I recommend that the judgment be reversed and a new trial granted.

WILLARD BARTLETT, Ch. J., WERNER, CHASE, COLLIN, HOGAN and MILLER, JJ., concur.

Judgment reversed, etc.