Submitted on petition for rehearing; former opinion January 14, 1930 (see 131 Or. 537, 283 P. 739); rehearing denied December 9, 1930.

## NORTHERN LIFE INSURANCE CO. v. BURKHOLDER

(293 P. 919)

Former opinion see 131 Or. 537 (283 P. 739).

*Arthur Langguth* of Portland for appellant.
*T. Walter Gillard* of Portland for respondent.

ROSSMAN, J. The petition for a rehearing sets forth an able analysis and criticism of our previous decision. The criticism, friendly in nature, seems to be prompted by a belief that the venerable justice, now deceased, who was the author of our previous decision, in an effort to do justice to a young woman whom the

insured a few days before his death endeavored to make the beneficiary of this policy of insurance, and with whom he had exchanged promises of marriage, unconsciously departed from the rules which govern a court of equity in determining the beneficiary in a policy of insurance. We quote from the brief as follows:

"We earnestly feel that the well-known kindness of heart of the learned justice who wrote the opinion of this case has led the court not only to conceive an exaggerated idea of the equities flowing to the appellant, but also has permitted that view to influence the court in exceeding the powers of a court of equity in this kind of a case. As the writer of the opinion herein well said in another case, where the equity of the defendant's position was there urged, 'hard cases make bad law.' "

■ We have once more bestowed upon this cause studious attention, but remain satisfied with the result previously announced. The petition for rehearing states that the decision written by the late Mr. Justice McBride ignored *Independent Forresters v. Keliher,* 36 Or. 501 (59 P. 324, 1109, 60 P. 563, 78 Am. St. Rep. 785); *Stringham v. Dillon,* 42 Or. 63 (69 P. 1020), and *United Artisans v. Cronise,* 88 Or. 602 (172 P. 109 L. R. A. 1918D, 1131). It also argues that the proposition stated in our previous decision to the effect that an insurer waives any objections that it might have had to the procedure adopted by the insured in changing the beneficiary by paying the money into court accompanied with a bill of interpleader is unsound. Our previous decision cited as authority for that statement, *Rhodes v. Equitable L. Assur. Soc. of U. S.,* 109 Or. 586 (220 P. 736). The petitioner argues that any statement in that case concerning the aforementioned proposition of law was merely obiter dictum. In *Rhodes v. Equi-*

*table L. Assur. Soc. of U. S.,* the policy of insurance, which constituted the subject-matter of the controversy, was one of a group of policies issued at the request of an employer covering the lives of its workmen. Rule 11 of the policy permitted the employee to designate as beneficiary any person related to him by blood or marriage. George Walker, the employee, named as his beneficiary, Addie M. Walker, who was his wife at that time. Prior to Walker's death a decree of divorce had separated him from his beneficiary. The controversy submitted the question whether the divorced wife or the administrator of the insured's estate was entitled to the proceeds of the insurance. We come now to the portion of the decision upon which Justice McBride relied as support for the proposition of law aforementioned, and which the petitioner criticizes: "There is nothing in the contract of insurance preventing the insurance company from waiving any right that it might have arising out of rule 11; and the company has waived any right it might have had by paying the money into court [cites cases]. If it be said that the rule is for the benefit and protection of the railroad company, the plaintiff cannot step into the shoes of the railroad company and complain for it [cites cases]. The railroad company is not attempting to prevent the appointed beneficiary from recovering." The insurance company had paid the proceeds of the 'policy into court accompanied with a bill of interpleader. We do not believe that the above proposition of law was merely obiter dictum, but are of the opinion that it was employed as an additional reason for the decision reached. We shall express our conclusion in regard to its merits later.

If it can be fairly said that our previous decision liberalizes upon the principles of law applied in the

first three of the above cases, then it is in harmony with the criticism frequently voiced to the effect that the courts employ the rules applicable to the insured's right to change the beneficiary in a manner so strict that often substance is sacrificed for form. See, for instance, 42 Harvard Law Review, 250. The Federal Courts, in determining issues concerning beneficiaries in policies of war risk insurance wherein a change has been attempted, have displayed a refreshing freedom from rigid rules. Although a change of beneficiary in such policies of insurance is regulated by an act of Congress and the rules of the Federal Treasury Department, yet the courts have permitted the insured considerable freedom of action; they have held that substantial compliance with the regulations is sufficient, and have assigned to the word substantial a liberal interpretation. In fact, the cogency of the proof rather than its conformity to formula seems to be the persuasive factor. See for illustration: *Claffy v. Forbes,* 280 Fed. 233, and *Peart v. Chaze,* 13 Fed. (2d) 908. The holding of the Kentucky court in *Hoskins v. Hoskins,* 231 Ky. 5 (20 S. W. (2d) 1029), is a further extension of the liberal policy previously employed by that court.

However, it seems to us that there is no conflict between our holding in this suit and well-established principles of law commonly applied by the courts in similar controversies. Likewise we are of the opinion that our previous decision does no violence to the three above Oregon cases upon which the respondent relies. We believe that a material distinction exists between the facts passed upon in them and our present situation. In all three of those cases the policy of insurance named as the beneficiary an existing individual; whereas, in our present instance the beneficiary was

the estate of the assured. In the first two cases \the attempted change of beneficiary failed because the insured neglected to comply with a material regulation of the insurer governing change of beneficiary. In the third case, the insured having complied in full with all of the rules of the insurer applicable to change of beneficiary, the substituted beneficiary was recognized as the rightful one even though the insurer had not received the application prior to the insured's death. In the first two of these cases we applied the principle that upon the death of the insured the beneficiary's right had become vested. Although in all three of those cases the bill of interpleader was filed by the insurer accompanied with payment of the proceeds of the policy of insurance into the court the effect of that act upon the rights of the contesting claimants was not mentioned. In our present case, as our previous decision points out, the beneficiary was not some third person but was in effect the insured himself. It is difficult to understand how the rights of the estate could have become vested in it upon the death of Marti in any different degree than they were vested in him during his life. Obviously it is necessary that at some point the rights of the beneficiary must be deemed free from divestiture through change of beneficiary. This is not due, however, to any solicitous desire to protect him; he paid nothing for the enrichment which he now seeks to obtain. The nature of his rights is well illustrated by the fact that when the policy is payable to the estate of the insured the right to receive the money may be transferred effectually by gift inter vivos in the absence of express prohibition: *Opitz v. Karel,* 118 Wis. 527 (95 N. W. 948, 62 L. R. A. 982, 99 Am. St. Rep. 1004), or by assignment or sale, *Faubel v. Eckhart,* 151 Wis. 155 (138 N. W. 615), without

compliance with regulations governing a change of beneficiary. There was a legal identity of title between Marti and the rights which the respondent now asserts. The estate's rights were subject to any limitations placed upon them by its predecessor in interest, the insured. We have both oral and written evidence which indicates Marti's wish that Thelma and not the estate should receive the insurance money. Due to the legal identity of title between Marti and the respondent the declarations of Marti became admissible when the estate sought to establish its rights to the money: Wigmore on Evidence (2d Ed.), § 1018 and 6 Columbia Law Rev. 509. In the presence of such proof it is clear that the estate could not succeed.

Since it is evident from the aforementioned, as well as from the reasoning of Mr. Justice McBride, that the respondent is not entitled to the money it is next necessary to inquire whether Thelma can establish title to it. The insurer has paid the disputed money into the registry of the circuit court, and has also filed a bill of interpleader which, as is stated in our previous decision, expresses the company's willingness that the insurance money be paid to Thelma. But the respondent argues that the insurer's acquiescence in the wishes of Marti for a change of beneficiary came too late to render the proposed change effective. While the respondent agrees that the aforementioned proposition of law stated by Mr. Justice HARRIS in *Rhodes v. Equitable Assurance Co.*, supra, when applied to the facts of this case, has the effect of completing Thelma's title, it argues that this proposition of law is unsound. We have again examined with care the effect upon the contesting beneficiaries of the payment into court of the insurance money accompanied with a bill of interpleader of the type now before us. We

remain satisfied, however, with the result stated in our previous decision, and the statement of the rule made by Mr. Justice HARRIS. Numerous decisions have analyzed this principle of law, and since we have nothing worth while to add to the discussion we shall rest the matter with the statement of our conclusion. The employment of this principle is especially warranted in this case because of the identity of the interest between the respondent and the insured. It follows that in our opinion Thelma's title to the money deposited with the registry of the circuit court is complete.

We have again read the transcript of testimony and believe that our previous statement of its contents is without material error.

It follows from the foregoing that the petition for rehearing must be denied.

KELLY, J. did not participate in this decision.