SAMUEL M. MELKON, Appellant, *v.* H. B. KIRK & Co., Respondent.

First Department, April 10, 1931.

*Harold A. Callan* of counsel [*Thomas H. Mahony*, attorney], for the appellant.

*Clayton J. Heermance* of counsel [*Julius Walerstein* and *William T. Rutherford* with him on the brief; *Kendall & Herzog*, attorneys], for the respondent.

O'MALLEY, J. The plaintiff's cause of action as finally amended was predicated upon an agency or broker's agreement whereby he was sent abroad to sell defendant's whisky and to receive compensation to be measured by the difference between two dollars and eighty-five cents a gallon and whatever price he was able to

secure on a sale. In support of his claim he offered evidence tending to show that he had procured a purchaser ready, able and willing to purchase at the price of five dollars a gallon.

The plaintiff's proposed purchaser was a resident of Constantinople and negotiations for the sale and purchase were there carried on personally by the plaintiff. He was asked to testify to his oral conversations with his proposed purchaser for the purpose of establishing the essential elements of his cause of action and more particularly to show that the proposed purchaser had in fact agreed to purchase the merchandise at a price of five dollars per gallon. These conversations were excluded upon the theory that their admission would violate the so-called hearsay rule and that they were incompetent for the purpose of proving a sale.

We are of opinion that this was an erroneous view. The learned trial justice overlooked the true nature of plaintiff's contract and cause of action. By the contract the plaintiff became the defendant's agent. To establish performance it was necessary for him to prove that he made a sale and that he was the procuring cause. To this end he was required to show what services he rendered and whether they were effective.

While admitting that the testimony was competent for the purpose of proving that the plaintiff was the procuring cause of the sale, if one in fact were made, counsel for the respondent contends that it could not be received as proof of the fact that a sale had actually been effected. It is urged, therefore, that all of the cases relied upon by the appellant have this distinguishing feature. (*Hammond* v. *Yona Varah Realty Corp.*, 222 App. Div. 1; *Steele* v. *Lippman*, 115 N. Y. Supp. 1099; *Cooper* v. *Lawrence*, 110 id. 238.) While it is true that in each of these cases the principle in issue in respect to which conversations of like character were admitted related to whether the broker was the procuring cause, we are of opinion that they do not necessarily support the position taken by the respondent. In *McNamara* v. *Gregory* (211 N. Y. 21) the Court of Appeals had before it for consideration what might be termed the converse of the situation here presented. The issue there presented was whether the plaintiff procured a purchaser who was ready to purchase. Communications between the plaintiff and her proposed purchaser offered for the purpose of proving a sale had been received, but oral conversations between such purchaser and the defendant owner, offered for the purpose of showing that the purchaser was not ready to purchase, were excluded. For the exclusion of such testimony the court reversed and granted a new trial upon the ground that such conversations were properly receivable. It is apparent from the decision that

plaintiff's method of proving the readiness of her purchaser to take upon defendant's terms was approved.

As more clearly appears from the dissenting opinion in the court below (148 App. Div. 901), communications between the broker and her alleged purchaser were competent evidence of the attitude of mind of such purchaser with respect to his readiness and willingness to meet the defendant's terms.

So, too, in the case before us, we are of opinion that the conversation excluded would be competent not only with respect to the work done by the plaintiff to show that he was the procuring cause of a sale, but also to show that in fact a sale had been made and that the purchaser was ready and willing to meet defendant's terms; and that as a matter of fact, by reason of such acceptance, there had been effected a meeting of the minds between him and the defendant as disclosed in the statements made by such purchaser to defendant's agent, the plaintiff herein.

The respondent relies largely upon a statement in the opinion of *Lockhart* v. *Hamlin* (190 N. Y. 132, 137). On the trial of that case certain conversations between the broker and the proposed lessor, offered to show that the tenancy of a corporation which was to take the lease was such a tenancy as was contemplated between the broker and the owner, was excluded. In holding that such conversations were improperly excluded, the court stated (pp. 136, 137): " The plaintiff was not allowed to testify fully on this last point, the trial court having erroneously refused to receive evidence as to his conversations with Mr. Sweeney in reference to his taking the property. Proof of such conversations was admissible, not as evidence of the truth of any of the facts stated therein, but to show that the plaintiff's action was the procuring cause of the lease eventually made. The exception to the exclusion of this evidence was well taken."

In our view the decision about to be made is not violative of anything said by the Court of Appeals in the case cited. In the case before us the meeting of the minds would be proved by the acts and words of the intended purchaser in signifying his readiness and willingness to meet the terms of the defendant. A third party who might be present could certainly give testimony as to what occurred. This being so, we see no reason why the plaintiff, defendant's agent, who, under the circumstances of this particular case, would enter into the contract for him with the purchaser, and who had first hand knowledge of the acts and words of the intended purchaser, should not be permitted to give like testimony.

Whether or not a written statement acknowledged before the American Consul at Constantinople by the proposed purchaser

should be received in evidence must be left to the trial justice to be determined by him in the light of the situation then existing.

It follows that the judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

MERRELL and MARTIN, JJ., concur; FINCH, P. J., dissents.

FINCH, P. J. (dissenting). I dissent and vote to affirm. In my opinion, the broker may testify to acts tending to show that he is the procuring cause of the contract (*Lockhart* v. *Hamlin*, 190 N. Y. 132), assuming the contract to be proven, but may not testify to what his proposed purchaser said so as to establish the contract of purchase. This latter is hearsay.

Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.