EDWARD MEYERS, Appellant, *v.* 650 MADISON AVENUE CORPORATION, Respondent.

First Department, March 15, 1940.

*I. Maurice Wormser* of counsel [*Charles Tolleris* and *Irving R. Kass* with him on the brief; *Tolleris, Kass & Tolleris*, attorneys], for the appellant.

*George S. Mittendorf* of counsel [*Arnold Furst* with him on the brief; *Mitchell, Taylor, Capron & Marsh*, attorneys], for the respondent.

PER CURIAM. There was sufficient evidence to sustain the finding by the jury that the plaintiff had procured a lessee ready, able and willing to enter into a lease of the premises on the terms proposed by the defendant. It was also error to exclude evidence offered by the plaintiff concerning parol negotiations with the prospective lessee which was competent to establish the services rendered by the plaintiff. We have concluded, however, to order a new trial rather than to reinstate the verdict for the reason that the authority of the defendant's secretary to conclude a transaction of such magnitude does not clearly appear from the present record.

The judgment and the order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Present — O'MALLEY, TOWNLEY, GLENNON, UNTERMYER and DORE, JJ.; DORE, J., dissents and votes to affirm.

DORE, J. (dissenting). I dissent and vote to affirm the judgment and order appealed from. Plaintiff never established a meeting of the minds of the parties on all the essential terms of the contract. Even on the testimony of plaintiff's own client, when defendant's secretary allegedly informed him that if he would pay certain sums of money as rent they could " come down to close the deal," plaintiff's principal did not assent to this but said he would get in touch with his lawyer and would call him back, and when he came down to the final conference the negotiations were still in progress. It was clear under the facts established in the record that the defendant's secretary had no authority whatever to conclude a lease of this magnitude in the manner alleged by plaintiff. It would be manifestly unjust to compel this defendant to pay commissions of $6,390 for allegedly effecting an agreement that was never established.

The order setting aside the verdict and dismissing the complaint and the judgment entered thereon should be affirmed, with costs.

Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.