JACOB M. POMERANTZ, Appellant, v. EMANUEL SUSSMAN et al., Individually and as Copartners Doing Business under the Name of COUNTY SEAT SALES Co., et al., Respondents.—

Plaintiff may testify to his negotiations with his customer, though in the absence of the seller, to show that he was the procuring cause of the sale. (*Melkon* v. *Kirk & Co.*, 232 App. Div. 134; *Meyers* v. *650 Madison Ave. Corp.*, 259 App. Div. 109; *Lockhart* v. *Hamlin*, 190 N. Y. 132; *Tanenbaum* v. *Nanes*, 247 App. Div. 907.) The protection of section 347 of the Civil Practice Act does not extend to the seller, who is a stranger to the deceased buyer's estate, being neither " the executor, administrator or survivor " of the deceased. The second cause of action is brought against the Fragolas as individual conspirators, not on a partnership obligation, therefore Salvatore Fragola may not be regarded as the " survivor " of Albert Fragola with respect to this tort liability, within the meaning of section 347 of the Civil Practice Act. In the present state of the pleadings, however, plaintiff is not required to prove the conspiracy as to the defendants Fragola. Nolan, P. J., Johnston, Adel, MacCrate and Schmidt, JJ., concur. [See *post* p. 1024.]