■ MURIEL A. KYNAST, as Administratrix of the Estate of AUSTIN HERMANN, Deceased, et al., Respondents, v. DORA HOLDING CORP., Appellant.— Judgment entered February 15, 1963, for the sum of $8,432.35, in an action for broker's commissions, unanimously reversed, on the law, on the facts, and a new trial directed, with costs to abide the event. It was prejudicial error to exclude the testimony of the witness Mackler with reference to his conversation with the witness Brezel representing the alleged buyer. The offered testimony is relevant on whether there was a meeting of the minds of the seller and the buyer. Said testimony was excluded as hearsay, an untenable ground not relied on by plaintiffs on this appeal. Plaintiffs, instead, erroneously argue the evidence was cumulative, a ground not relied on at the trial. Defendant, in reference to this significant meeting, is entitled to offer the evidence of any person present at the said meeting whether or not it appears to be cumulative. On the retrial it may well be that there should be submitted to the jury for resolution the ambiguity apparently existing in the provision of plaintiffs' Exhibit 4 to the effect that defendant was not to be obligated in the event a "Contract is not drawn" (*Concoff* v. *Occidental Life Ins. Co. of Calif.*, 4 N Y 2d 630, 637), and the further issue of whether or not there was a willful default on the part of the seller as claimed by plaintiffs. If said provision "contract is not drawn" referred to the execution of a contract of sale rather than to its drafting, then this would bear directly on defendant's liability. (Cf. *Heller & Henretig* v. *3620-168th St. Inc.*, 302 N. Y. 326, 329–330.) Moreover, if as defendant contends the seller and purchaser were unable, in good faith, to agree on the distribution of an increased first mortgage, then a jury may find there was no deal and defendant did not willfully default as plaintiffs allege. Concur — Botein, P. J., Breitel, Valente, McNally and Staley, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY REVO, Appellant, v. HENRY J. NOBLE, as Warden of New York City Penitentiary, Rikers Island, Respondent.— Order, entered on June 5, 1964 in Supreme Court, Bronx County, dismissing relator's writ of habeas corpus, unanimously dismissed as academic. The court does not reach the grave constitutional question involved in the denial of bail to a recidivist pending appeal from a conviction for a misdemeanor not involving a crime of violence or a deadly weapon. Concur — Botein, P. J., Breitel, Valente, Stevens and Eager, JJ.