■ ROBERT HARDY, Doing Business as HARDY REAL ESTATE, Respondent, v. PRIMEX EQUITIES, INC., et al., Defendants, and MAX STEINBERG et al., Appellants.— Judgment modified on the law in accordance with the Memorandum herein, and as modified affirmed, without costs. Memorandum: The only error we find in the record was the exclusion of evidence offered by defendant Steinberg in defense of the fourth cause of action against him alone for unjust enrichment. As to that cause of action Steinberg's status was similar to that of a broker, trying to prove, as a defense, that he had earned the $25,000 paid him. The law is well settled that, in an action for brokerage commissions, conversations between the broker and the buyer or the seller are admissible upon the

trial. (*McNamara* v. *Gregory,* 211 N. Y. 21, *Lockhart* v. *Hamlin,* 190 N. Y. 132, *Melkon* v. *Kirk & Co.,* 232 App. Div. 134.) We agree with counsel for Steinberg that it was error to exclude conversations Steinberg had with Gordon (buyer) and Stone (seller) on the issue of unjust enrichment, even though they were not had in the presence of plaintiff. However we are satisfied that the error relates only to the fourth cause of action. It is clear from reading together all the statements made by counsel for the defendants at the trial that this was the only cause of action for which the proof was offered. This is reinforced by the fact that upon this appeal, where separate attorneys are representing the defendant Gordon and the defendant Steinberg, only appellant Steinberg (who was the sole defendant in the fourth cause of action) urges this error; it is neither raised nor argued by the defendant Gordon, a codefendant with Steinberg in the conspiracy cause of action. Accordingly, the judgment should be modified by reversing on the law and granting a new trial only on the fourth cause of action and as modified, affirmed. (CPLR 5522.) All concur except Marsh and Gabrielli, JJ., who dissent in part and vote to reverse and grant a new trial in accordance with the following Memorandum: We agree with the conclusion reached by the majority that the judgment against defendant Steinberg based on the fourth cause of action for unjust enrichment should be reversed, but we are unable to agree with its affirmance of the judgment against him on the claim of conspiracy set forth in the second cause of action. Testimony of the conversations between defendant Steinberg, the buyer and the seller were erroneously excluded. The rule stated by the majority in support of its reversal of the judgment on the fourth cause of action, viz., that in an action for broker's commissions, conversations between the broker, buyer and seller are admissible, is similarly applicable to plaintiff's cause of action for conspiracy. In fact it has even greater vitality in such a claim. This is so because of the very nature of the claim of conspiracy and, additionally, because of the rules which except these conversations from exclusion under the hearsay doctrine since these conversations are offered as proof of the speaker's state of mind. (Richardson, Evidence [9th Ed.], § 211), a most vital consideration in this cause of action. Upon an examination of the entire record, we are unable to agree with the majority's reasoning that the proffered excluded testimony was in any way restricted. The conversations sought to be introduced would be vital to plaintiff's right to recover and, of course, most important to defendant Steinberg's defense. Furthermore, in order for plaintiff to succeed on his conspiracy claim for damages in the amount of his commissions, it was incumbent on him to demonstrate that he was the procuring cause of the sale and, in effect, that he had earned these claimed commissions. The long-established rule in this area of the law, as conceded by the majority, allows the admission of these excluded conversations on the issue of whether plaintiff was the procuring cause of the sale (cf. *McNamara* v. *Gregory,* 211 N. Y. 21). Accordingly the judgment against defendant Steinberg on the Second cause of action on the conspiracy claim, and on the Fourth cause of action for unjust enrichment should be reversed and a new trial ordered. (Appeal from judgment of Onondaga Trial Term in action for broker's commissions.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Bastow, JJ.