Argued April 6, affirmed May 3, 1977

EDWARDS et al, *Respondents,*
*v.*
WOLF, *Appellant.*
(No. 75-3377, SC 24526)

563 P2d 717

John R. Miller, Salem, argued the cause and filed briefs for appellant.

Timothy J. Harold, Springfield, argued the cause for respondents. With him on the brief were Joseph J. Leahy, and Harms & Harold, Springfield.

Before Denecke, Chief Justice, and Tongue, Bryson, and Davis, Justices.

DAVIS, J., Pro Tempore.

**DAVIS, J.,** Pro Tempore.

This is a declaratory judgment proceeding to determine whether the plaintiffs or the defendant are entitled to the proceeds of a life insurance policy on the life of Michael Edwards. Trial was before the court, and a judgment was entered granting plaintiff Robert Edwards the proceeds of the policy.

The basis of defendant's appeal is that the court erred in admitting evidence contrary to the parol evidence rule, in admitting hearsay evidence as to the decedent's intent, and failure to award defendant a judgment for the proceeds of the life insurance policy.

Prior to trial the parties entered into a written stipulation of facts which discloses that Michael Edwards, hereinafter referred to as decedent, purchased a life insurance policy with Continental Life and Accident Company with a face value of $10,000. Plaintiff Robert Edwards, decedent's father, was named beneficiary at the time of the issuance of this policy.

Thereafter, decedent married the defendant and, at the suggestion of decedent's mother, filed an amendment to the policy, removing his father as the beneficiary and substituting his wife. This amendment appeared in the records of the insurance company, reflecting the name "Linda Sue Edwards, wife," as beneficiary. No change was required or made upon the policy in the possession of the decedent and from the date of issuance until his death the named beneficiary appearing on the policy was plaintiff Robert Edwards.

Subsequently, decedent and the defendant dissolved the marriage. The decree of divorce and the property settlement agreement did not provide for the disposition of the insurance policy although the parties agreed by stipulation that decedent was the sole owner of the policy with the right to designate or change the beneficiary.

[ 257 ]

The parties further agreed, by stipulation, as follows:

"* * * * *.

"(6) After the divorce of Linda Sue Wolf and the decedent they made no social visits one with the other and in any way indicate any feeling of mutual affection, but to the contrary the decedent, Michael C. Edwards, held ill feelings toward Defendant, Linda Sue Wolf.

"(7) After the divorce of Linda Sue Wolf and the decedent, Linda Sue Wolf had no reason to believe that she would continue to be the named beneficiary on said insurance policy and did not know that she was the named beneficiary on said insurance policy until after the death of Michael C. Edwards.

"(8) Defendant, Linda Sue Wolf, remarried her current husband, Wolf, on the 4th day of February, 1972.

"(9) On or about the 25th day of August, 1972, the decedent, Michael C. Edwards, and the Plaintiff herein, Louise Diane Edwards, were duly and regularly married.

"(10) That approximately one year after the marriage of Michael C. Edwards and Louise Diane Edwards, on the occasion of a visit to the decedent's parents, Robert F. Edwards, the Plaintiff herein and Mae Edwards, Mae Edwards delivered the above mentioned insurance policy to the decedent as the decedent had lived with his parents at the time of the divorce from Defendant, Linda Sue Wolf, and said insurance policy had remained in the possession of his parents.

"(11) Upon returning home the day Mae Edwards delivered the above mentioned insurance policy to the decedent, the decedent examined said policy and told the Plaintiff herein that his father was the named beneficiary upon [the] policy and asked if that was agreeable with her, to which she responded that it was agreeable. The decedent, Michael C. Edwards, indicated that it was his desire and intent to have his father, Robert F. Edwards, remain as the beneficiary upon said policy and he was under the mistaken belief that Robert F. Edwards was the named beneficiary on said insurance policy.

"(12) At the time of his death Michael C. Edwards believed that his father, Robert F. Edwards, whose name

[ 258 ]

appeared on the insurance policy was the named beneficiary on said policy.

"(13) At the time of his death Michael C. Edwards intended that his father, Robert F. Edwards, be beneficiary on said insurance policy and he did not intend that the Defendant, Linda Sue Wolf, be the beneficiary on said insurance policy.

"(14) At the time of his death the decedent, Michael C. Edwards, believed that the Plaintiff, Robert F. Edwards, would use the proceeds of said policy for the benefit of Louise Diane Edwards, the Plaintiff herein.

"(15) On or about the 5th day of December, 1974, the decedent underwent surgery for cancer of the colon. Following his surgery decedent learned that his condition was terminal and decedent died on December 14th, 1974.

"(16) That at the date of his death . it was the intention of Michael C. Edwards that Robert F. Edwards be the beneficiary on said insurance policy, to use the proceeds of said policy to the benefit of Louise Diane Edwards."

■ Plaintiff argues that the trial court erred in admitting parol evidence of the decedent's intent when there was a clear, unambiguous, integrated contract between decedent and the insurance company. The parol evidence rule[1] might be violated under such circumstances if this suit were between the estate of the decedent and the insurance company. "[P]arol evidence can be used to vary or contradict a contract when the litigation is between a party to the contract and a stranger * * *." *Carolina Casualty v. Oregon Auto,* 242 Or 407, 408 P2d 198 (1966).

Defendant contends that the following dialogue was hearsay and that the trial court erred in overruling the objection to it.

"Q   Okay. Did Mike say something about the policy at that time when he was looking at it at home? Did he say anything?

"A   Yes.

---

[1]ORS 41.740.

"Q   All right. Did he make reference to the benefici-
ary on the policy?

"A   Yes.

"Q   Now, what did he say about the beneficiary on
the policy?

"MR. TAGGART: Objection, your Honor, to the
hearsay.

"THE COURT: Overruled.

"Q   [Plaintiff's counsel] What did he say about the
beneficiary on the insurance policy?

"A   He said, 'It has my Mom and Dad's name on it. Is
that all right?'

"And I said, 'Yeah.' You know, we put it up in the box
with a couple of papers."

■   In this case the statement of the decedent was not
offered to show the truth of the statement, but it was
to show his intent that his father would be the
beneficiary of this policy. In *Marr v. Putnam,* 213 Or
17, 321 P2d 1061 (1958), we said, at page 25:

"The exclusionary force of the hearsay rule is not
applicable when the extra-judicial statement of a third
person is not offered to prove the truth of the utterance,
but only to show that the statement was made. Where
the mere fact that the statement was made is indepen-
dently relevant, regardless of its truth or falsity (as, for
example, to show the state of mind of the declarant,
where that fact is in issue), such evidence is admissible.
Wigmore on Evidence, 3d ed, § 1789; 20 Am Jur 404,
Evidence § 457; 31 CJS 988, Evidence § 239; see *Wayne
v. Huber,* 134 Or 464, 503, 291 P 356, 294 P 590, 79 ALR
1427."

To the same effect, *see Sheedy v. Stall,* 255 Or 594, 468
P2d 529 (1970). It is our opinion that the trial court did
not err in overruling defendant's objection to the
testimony elicited.

■   In support of the court's ruling that plaintiff Robert
Edwards, rather than defendant, is entitled to the
proceeds of this insurance policy, the trial court relied
on the case of *Northern Life Ins. Co. v. Burkholder,* 131
Or 537, 283 P 739, *rehearing denied* 134 Or 401, 293 P
919 (1930). This decision held "that maximum effect

should be given to the insured's intention to change the beneficiary of his insurance policy."

In 19 ALR2d 35, it states:

"* * * Generally, in cases where the insurer is not a party litigant equitable principles will govern in regard to the interpretation of the change-of-beneficiary clauses, and the courts will allow a substitution of beneficiaries although the terms of the policy were not even substantially complied with.

"The applicable rule is usually stated in the form that on the principle that equity regards as done that which ought to be done the courts will give effect to the intention of the insured by holding that a change of beneficiary has been accomplished where he has done all that he could to comply with the provisions of the policy. * * *"

*Northern Life Ins. Co. v. Burkholder, supra,* is cited in support of the above rule, as is a majority of the courts in the United States. However, it would appear that the decision in *Northern Life Ins. Co.* was an exception to the general rule, according to the Annotation previously cited (19 ALR2d 35), for, at page 52, it said:

"The most extraordinary case in which an attempted change of beneficiary has been given effect is *Northern L. Ins. Co. v. Burkholder* (1930) 131 Or 537, 283 P 739, reh den 134 Or 401, 293 P 919, where the insured attempted to change the beneficiary from his estate to an individual by writing the latter's name into the policy without taking any further steps. The substituted beneficiary was held entitled to the proceeds as against the estate of the insured in an interpleader proceeding, on the ground that the intention of the insured should control unless there was someone who was entitled to object and who had not consented to the change; that the insurer had waived any objections it might have had by filing the bill of interpleader; that at the time of the change, or attempted change, the 'estate' of the insured was in effect himself, that there was no administrator or other actual beneficiary then in existence whose consent was required, and that what the insured did, his 'estate' through him, consented to. The opinion rendered on the denial of reargument indicates that the decision would

be limited in its application to the situation where the beneficiary originally designated was the estate of the insured. It is submitted that this decision, even with the above limitation, is out of line with all the other decisions involving a similar situation."

■ Although the facts are distinguishable between *Northern Life Ins. Co.* and this suit, the evidence in both cases reflects that neither of the decedents made any effort to comply with the terms of the insurance policies in changing beneficiaries before their deaths. As noted in 19 ALR2d 35, there must be at least some attempt made on the part of the insured to change a beneficiary before equitable relief will be applied. How much or how little depends, apparently, upon the facts of each case. The question for this court's determination is whether we should follow the rule, as previously stated in this opinion, or to make an exception to this rule, as did the court in *Northern Life Ins. Co.* and the trial court in this case.

■ For one reason, and one reason only, we affirm the trial court's ruling in this equitable proceeding on the basis that the defendant entered into a written stipulation agreeing that it was the decedent's intent at the time of his death that plaintiff Robert Edwards receive the proceeds of the insurance policy. See paragraphs (11), (12), (13), (14), and (16) of the stipulation, as quoted previously in this opinion.

"Equity regards as done that which ought to be done."[2]

Affirmed. Costs to neither party.

---

[2] 19 ALR2d 35.