Argued and submitted July 12, affirmed October 23, 1985

# LEDBETTER,
*Appellant,*

*v.*

# COMPLETE ABRASIVE BLASTING SYSTEMS et al,
*Respondents.*

A8305-03324; CA A33547)

707 P2d 1292

Roger G. Weidner, Portland, argued the cause and filed the brief for appellant.

Don G. Swink, Portland, argued the cause for respondents. On the brief was J. Randolph Pickett, Portland.

Before Gillette, Presiding Judge, Joseph, Chief Judge, and Young, Judge.

GILLETTE, P. J.

## GILLETTE, P. J.

This is a products liability case. Plaintiff appeals from a jury verdict in favor of defendants. He argues, *inter alia,* that the trial court's ruling excluding certain impeachment evidence was erroneous. We affirm.

Plaintiff was injured when he fell from the top of a portable sandblasting machine. He brought this action against the manufacturers of the machine on negligent design and strict liability theories. The jury returned a verdict finding plaintiff 64 percent negligent and defendants 36 percent negligent. From the resulting judgment for defendants, this appeal followed.

At trial, plaintiff testified that he fell off the sandblaster while trying to open a hatch on top of the machine. He argues that he fell because of the machine's dangerous design. Conversely, Kinne, plaintiff's job supervisor, testified that plaintiff had told him that he had tried to kick the hatch open with his foot, lost his balance and fell. Kinne also testified that plaintiff acknowledged that it was his own fault that he had fallen.

■ To impeach Kinne's credibility, plaintiff sought to introduce a statement Kinne made to plaintiff in the presence of plaintiff's wife. On objection by defendants, the trial court refused to allow the testimony on the ground that it was hearsay. In an offer of proof, the wife testified that Kinne had told plaintiff that their employer, Sibble, was angry at Kinne for not having built a platform on the sandblaster.

The proferred testimony was not hearsay. *See Sheedy v. Stall,* 255 Or 594, 597, 468 P2d 529 (1970). It was not offered to prove the truth of the matter asserted. Rather, plaintiff offered the testimony to impeach Kinne's credibility by showing that Kinne was biased against plaintiff's case. If the absence of a platform on the sandblaster caused plaintiff's injury, Kinne might be blamed by his employer for the injury. If, however, plaintiff's negligence was the cause of the accident, Kinne would not be blamed. The trial court's reason for excluding Kinne's statement was therefore erroneous. The ruling, however, was correct.

In order to impeach Kinne by his prior statement,

plaintiff was required to lay a proper foundation for the testimony. OEC 609-1(1) provides, in pertinent part:

"The credibility of a witness may be attacked by evidence that the witness engaged in conduct or made statements showing bias or interest. *However, before this can be done, the statements must be related to the witness and the conduct described, with the circumstances of times, places and persons present, and the witness shall be asked whether the witness made the statements or engaged in such conduct, and, if so, allowed to explain."* (Emphasis supplied.)

OEC 609-1(1) is consistent with the prior case law in Oregon on this point. In *State v. Dowell,* 274 Or 547, 547 P2d 619 (1976), the court held that a

"foundation [like the one later codified in OEC 609-1(1)] must be laid before a witness can be impeached by an offer of evidence that the witness made a prior statement showing that he had a bias or interest * * *." 274 Or at 553.

Plaintiff failed to lay the requisite foundation. On cross-examination, plaintiff did ask him several questions peripheral to the statement at issue.[1] He failed, however, to question him regarding any specific conversation with plaintiff in plaintiff's home, much less to specify that the conversations concerned Kinne and the employer, Sibble. Without a foundation, the testimony was properly excluded.

That the trial court excluded the testimony on the wrong ground is immaterial. We will not ordinarily reverse a trial court for sustaining an objection if there was any ground

---

[1] "Q. Now, you had some conversations with [plaintiff] concerning this incident?

"A. Only at the hospital, yes.

"Q. This is the only time that you have had any discussion with [plaintiff] concerning this incident?

"A. Yeah.

"Q. You have never discussed this or gone to his home and visited him?

"A. One time I visited him at home in Portland.

"Q. But the incident was not discussed?

"A. We never discussed it."

on which that objection could have been sustained. *State v. Dowell, supra,* 274 Or at 552. That was true here.

Affirmed.[2]

---

[2] Plaintiff's other assignments of error are either not preserved or not well taken.