## ATLANTA CONSOLIDATED STREET RAILWAY COMPANY *v.* BAGWELL, next friend, and *vice versa.*

107 157
118 536

107 157
129 685
f130 659

1. That the contentions of one party were not as specifically set forth in the charge of the court as were those of the other was not cause for a new trial, when the charge as a whole fully, fairly, and correctly covered the law applicable to every issue in the case.

2. There was no error in refusing to give a request in charge which implied that counsel for the adverse party had made an improper appeal to the jury, when, as shown by the certificate of the trial judge, no such appeal was made.

3. Refusal to give requests in charge is not error, when, so far as legal, they are fully covered by the general charge.

4. Where counsel for the defendant objected to certain language used by plaintiff's counsel in his argument to the jury, upon the ground that it was an appeal "to make a verdict based on matters not in the plaintiff's declaration and suit," and thereupon the presiding judge stated to the jury that "the position of defendant's counsel was the law and the jury should take it as such," and gave further appropriate instructions upon the subject, after verdict a new trial should not be granted the defendant upon the ground that "the court should have given direct and unqualified disapproval of [such appeal] to the jury, and that the response of the court to the point made by defendant's counsel on that line of argument was not adequate in view of the nature of the appeal made." The defendant's counsel should have requested such instructions as, in his opinion, would have been sufficient to remove any improper impressions made upon the minds of the jurors by the unauthorized appeal of plaintiff's counsel, or moved that the case be withdrawn from the jury and a mistrial declared.

5. The cries or exclamations of bystanders upon seeing an accident about to occur may be proved to explain the state of mind and conduct of a person hearing them and who is injured in the accident.

6. This court can not undertake to determine whether or not error was committed by the trial judge in refusing to permit counsel to ask a witness and have him answer a given question, when it does not appear what the answer thereto would have been had it been allowed.

(a) A witness who is not an expert as to the subject upon which he is questioned is incompetent to give an opinion thereon without stating the facts on which his opinion is based.

7. Though in defense to the plaintiff's contention that the person for whose benefit the suit was proceeding was injured by reason of the negligent running of the defendant's cars, the latter introduced evidence tending to show that the injury could have been caused or aggravated by excessive sexual intercourse, there was, under all the facts and circumstances, no error in rejecting other evidence offered to show that a given person had caressed, hugged, and kissed such injured party.

8. Where the defendant offered to prove by a witness that he had taken liberties with the woman for whose benefit the suit was proceeding, and had become intimate or familiar with her, and by another witness the circumstances under which he had seen her and a certain man in the woods and the intimacy existing between them, this court can not determine whether or not error was committed in the rejection of such evidence by the trial judge, when it does not appear what the acts or circumstances constituting such familiarities or intimacies were.

9. There was no error in rejecting evidence offered to show the state of feeling existing between certain witnesses.

10. There is no merit in a ground of a motion for a new trial which complains that the court erred in allowing a given amendment to the declaration, "after the trial had commenced, and when there was no opportunity for medical examination of the plaintiff" as to the additional injury alleged in the amendment, especially where it does not appear that the defendant objected to the amendment for any reason.

11. The evidence for the plaintiff was amply sufficient to authorize the verdict, and in the light of such evidence the verdict was not excessive.

Argued December 16, 17, 1898.—Decided April 18, 1899.

Action for damages. Before Judge Berry. City court of Atlanta. July 12, 1898.

*Goodwin, Westmoreland & Hallman*, for plaintiff in error.
*Dorsey, Brewster & Howell* and *Hugh M. Dorsey*, contra.

Fish, J. Bagwell, as next friend of his minor daughter, Della, brought suit against the Atlanta Consolidated Street Railway Company, for damages for personal injuries alleged to have been sustained by her while a passenger on one of the defendant's cars. The declaration alleged that the car upon which she was riding, by reason of defendant's negligence, collided with another of its cars, causing her to jump from the car which she was on and to be violently thrown to the ground and seriously injured, and that she was entirely free from fault. The defendant answered, denying all of the material allegations of the petition. The jury returned a verdict in favor of the plaintiff for $2,500.00, and upon the overruling of the defendant's motion for a new trial it excepted.

1. In the sixth ground of the motion for a new trial, complaint is made that the court erred in its charge in stating specifically the contentions of the plaintiff, as set out in the declaration, and in regard to the contentions of the defendant merely charged that "You will also have the answer of the defendant company and you can look to that for its contentions." While the contentions of both parties should be stated by the court to the jury with equal fullness and fairness, yet in this case we do not think the plaintiff in error has any just cause of complaint in this respect, as the court in its charge fully, fairly, and correctly stated the law applicable to every issue in the case. Moreover the answer of the defendant was simply a denial of the allegations in the declaration.

2. The seventh ground complains that the court erred in refusing to charge the following written request: "Should you find that the defendant was negligent, that the plaintiff exercised ordinary care, and that she was injured, and should find for the plaintiff, it would be improper for you to fix the amount with any reference to any matter not alleged and sued for in the declaration in the case, which you will have out with you. Any appeal or suggestion for you to do so would be improper." All of this request was given in charge, except the last sentence. The ground sets forth that "Defendant contends that the said request should have been charged in its entirety as made, and that said last sentence was appropriate, pertinent, and demanded by the appeal which had just been made by plaintiff's counsel in the concluding argument to the jury, as set out in the 10th ground of this motion, and in which said plaintiff's counsel repeatedly invoked the jury to give a large verdict because of the evidence of the witness Bradbury reflecting on plaintiff's character." In a note to this ground the court states that counsel for plaintiff below did not make the appeal to the jury complained of, but "in his argument to the jury stated that the jury could not under the law give plaintiff anything for what he characterized as the attack upon her character, that not being an element of damages recoverable by her at law." Under these circumstances the last sentence of the request was not applicable to the facts of the case, and there was no error in refusing to charge it.

3. Complaint is made in the eighth and ninth grounds because of the refusal of the court to give in charge certain requests as to the rules for the impeachment of witnesses and for judging of their credibility. As the legal principles contained in these requests were fully and correctly given in the general charge, there was no error in such refusal. *Joiner* v. *Ocean Steamship Co.*, 86 *Ga.* 238.

4. The tenth ground sets forth a lengthy statement of part of the argument to the jury of counsel for the plaintiff below, and complains that an appeal was made that the jury render a larger verdict because of the evidence attacking the character of Della Bagwell, for whose benefit the action was brought, and that the "court should have given direct and unqualified disapproval of the same to the jury, and that the response of the court to the point made by defendant's counsel on that line of argument was not adequate in view of the nature of the appeal made." To this ground the court attached the following note: "It appears in the tenth ground of said motion that plaintiff's counsel stated to the jury that they should allow in their verdict compensation for what he characterized as the attack upon plaintiff's character, whereas, in fact, counsel for plaintiff did not so state, but on the contrary that they could not compensate her in damages for such alleged assault, it not being an element of damages recoverable in her action at law. Said motion is further corrected as follows: When counsel for the defendant objected to the argument of plaintiff's counsel, as set out in the tenth ground of said motion, the court stated to the jury that the position of defendant's counsel was the law and the jury should take it as such; that they could not allow any damages whatever to the plaintiff on account of any attack that may have been made upon her character by the defendant. To which statement of the law counsel for the plaintiff readily assented in the presence of the court and jury."

There is some doubt as to whether this ground is sufficiently certified to be considered, but, admitting it to be so, it is not meritorious. In his general charge the judge said to the jury, "Should you find that the defendant was negligent, and that the plaintiff exercised ordinary care, and that she was injured,

and should find for the plaintiff, it would be improper for you to fix the amount with reference to any matter not alleged and sued for in the declaration in the case, which you will have out with you." If counsel for the defendant believed that the special and general instructions of the court and the statement of plaintiff's counsel on the subject were not sufficient to remove from "the minds of the jurors any improper impressions which might have been made by the language of plaintiff's counsel, then he should have requested a further charge upon the subject, or moved that the case be withdrawn from the jury and a mistrial declared. Civil Code, § 4419, and marginal citations of cases. As he was willing for the trial to proceed under the instructions given, and to take the chances of a verdict in favor of the defendant, it will not be allowed after an adverse verdict to complain, in a motion for a new trial, that it was injured by the improper language of plaintiff's counsel.

5. The eleventh ground assigns error because the court permitted Della Bagwell, the person alleged to have been injured, to testify that, just prior to the collision, " People on the street were screaming for the motorman to stop." Counsel for the defendant objected to the admission of this evidence, on the grounds that it was hearsay and irrelevant. We think these sayings or statements of the bystanders made immediately before the accident were part of the res gestæ and were admissible, as tending to show how the circumstances of apparent danger impressed them, and to some degree explaining the state of mind of Miss Bagwell and her conduct in jumping from the car. Galena & Chicago Union R. R. Co. v. Fay, 16 Ill. 558.

6. The twelfth ground complains that the court "erred in refusing to allow defendant's counsel to ask of the witness, Miss Maud McDaniel, and have answered by her, the question, ' Whether the exercise of dancing is one suitable to be participated in by a woman who is sick or suffering with a female trouble.' " There is no merit in this ground, for two reasons— (1) it does not appear what the answer to the question would have been had it been allowed: Gray v. McDaniel, 73 Ga. 118; Perryman v. Pope, 102 Ga. 502; (2) it was not shown that the witness was an expert as to the subject upon which her opinion was sought: Southern Life Ins. Co. v. Wilkinson, 53 Ga. 535.

7. The thirteenth ground of the motion is predicated upon the refusal of the court to allow the defendant to prove by one Mills that "he had since the injury and accident sued for, exercised familiarities, caressing, hugging and kissing, and things of that kind, with the plaintiff DellaBagwell, and showing the intimacy of their relations, from which the jury could make inferences." Counsel for the defendant company contended, in this connection, that it was already "in proof that the injury to the ovaries sued for could come from many causes, including germs and from sexual intercourse, and would be aggravated by sexual intercourse." The fourteenth ground complains of the ruling out of the evidence of Mills that he had kissed Miss Bagwell. Seven experts were examined, at very great length, upon the subject of Miss Bagwell's alleged injuries. One of them testified that excessive sexual intercourse might be the cause of her condition, and several that excessive intercourse might aggravate the injury, but there was no evidence that one act of such intercourse or even moderate indulgence therein could produce it. The question, therefore, as made by the testimony of these experts was not whether she had ever been guilty of fornication simply, but it was whether she had ever committed the act to such excess as to produce the injuries from which she claimed to be suffering. While it might have been improper and indiscreet for Miss Bagwell to have permitted the witness to caress, hug and kiss her, yet we do not think that such conduct on her part, if proven, without more, would have authorized the inference that she had even been criminally intimate with him, much less that such intimacy had been excessive. We are of opinion, therefore, that it was not error to exclude the evidence.

8. The fifteenth ground alleges error in refusing to allow a witness, Bradbury, to testify that he "had taken liberties with the person of the plaintiff, Della Bagwell, and had become intimate with her." As it nowhere appears what the liberties or familiarities were of which proof was offered, we can not determine whether or not it was error to reject the evidence. For the same reason we can not pass upon the error alleged in the sixteenth ground, "in refusing to allow the defendant's counsel

to prove by the witness S. E. Knox the circumstances under which he had seen the plaintiff, Della Bagwell, and T. C. Mills, a young man, in the woods together by themselves, and the intimacy of the said Mills and said Della Bagwell." We have no idea what the circumstances were or of what the intimacy consisted.

The seventeenth and eighteenth grounds are absolutely without merit, and seem too trivial for notice. They complain that the court erred in not allowing proof that Miss Bagwell used violent and profane language in the presence of the witness Bradbury. How such evidence could possibly illustrate any issue in the case we are unable to perceive.

9. The nineteenth ground is without merit. The complaint is made that "the court erred in refusing to allow defendant's counsel to prove by the witness C. E. Phillips the state of feelings between himself and Faith, Allmand, and Parker, witnesses who had by their evidence as to bad character impeached the daughters of said C. E. Phillips. While the state of a witness's feelings to the parties may always be proved for the consideration of the jury, the particular evidence here referred to was neither material nor relevant.

10. The twentieth ground is, that "the court erred in allowing the amendment offered by plaintiff, of injury to the uterus of said Della Bagwell, after the trial had commenced and when there was no opportunity for medical examination of the plaintiff after the allegation of such injury became a part of the plaintiff's case." The amendment was proper; indeed no objection to it was made. The plaintiff as a matter of right could amend the declaration at any stage of the case. If the defendant was surprised thereby, it could, upon a proper showing, have had the case continued in order to meet the amendment. Its counsel did not claim surprise, but went on with the trial. It was too late after verdict to complain of the amendment.

11. Grounds one to four inclusive are the general ones; in the fifth it is claimed that the verdict is excessive, and twenty-one to twenty-three inclusive complain that the verdict is contrary to certain specified evidence. The evidence for the plain-

tiff was amply sufficient to authorize the verdict, and in the light of such evidence we can not say that it was excessive.

*Judgment affirmed.    Cross-bill dismissed.    All the Justices: concurring.*