Argued January 6, affirmed January 27, 1965

# STATE OF OREGON *v.* KENDRICK

398 P. 2d 471

*George A. Haslett, Jr.,* and *John Paul Jones,* Portland, argued the cause and submitted the brief for appellant.

*Harold C. Hart,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McAllister, Chief Justice, and Sloan, Goodwin, Holman and Lusk, Justices

HOLMAN, J.

Defendant has appealed from his conviction of the crime of rape of a four-year-old child. On the evening of May 11, 1963, defendant called at the home of the mother of the child to visit his friend Allen who was residing there temporarily. Both men were members of the United States Army, having been recently stationed together. There were present, in addition to Allen and the defendant, the child's mother, her three children—two boys, aged 5 and 3, and the alleged victim—and three unrelated teenage boys. The defendant appeared to have been drinking and left the front room, where he was talking to his friend Allen, for several trips to the bathroom which was reached by way of the kitchen where the children were eating supper. After his last trip through the kitchen he returned to the front room and announced he had to leave and did so. Immediately thereafter, the victim's five-year-old brother entered the living room from the kitchen, in what appeared to the witness to be a frightened condition, announcing the absence of his sister. Over the objection of the defendant, Allen was

permitted to testify as follows concerning the boy's statement:

"He said that man had put Wee wee (referring to the victim) out the back door and locked it."

There was testimony from which the jury could have found that the defendant was thereafter discovered molesting the girl in a shed at the rear of the house.

■ The defendant claims that the court's admission of testimony concerning the child's statements was error as it was hearsay. There is no doubt that it was hearsay which is the use in court of an assertion made out of court as testimony to the truth of the fact asserted. The evidence offered was for the purpose of proving that the defendant put the little girl out the back door and locked it behind her. The only question is whether the testimony falls within one of the recognized exceptions to the rule that hearsay testimony is not admissible. We believe that it does and was properly admitted.

■■ The ground for the exclusion of hearsay is that the opposing party has no opportunity to confront in court the person making the statement and test his veracity and accuracy by cross examination. *State v. Oppie,* 179 Or 187, 170 P2d 736. Therefore, in order to come within an exception to the rule such a statement must have been made under circumstances calculated to give some special trustworthiness to it.

■ Statements known as spontaneous exlamations fall within a generally recognized exception to the rule. In order to qualify under this exception, the following have to exist: (1) there must be some occurrence startling enough to produce nervous excitement and render the utterance spontaneous and unreflecting; (2) the utterance must be before there has been time

to contrive and misrepresent and while reflective powers are yet in abeyance; (3) the utterance must relate to the circumstances of the startling occurrence preceding it. (See § 1750, Wigmore on Evidence, 3rd ed.)

■ The reason that courts have felt that an extra aura of truth surrounds such spontaneous exclamations and thus justifies their admissibility, even though cross examination is not available, is best stated in the words of Lockwood, J., in *Keefe v. State,* 50 Ariz 293, 72 P2d 425, as follows:

"A spontaneous exclamation may be defined as a statement or exclamation made immediately after some exciting occasion by a participant or spectator and asserting the circumstances of that occasion as it is observed by him. The admissibility of such exclamation is based on our experience that, under certain external circumstances of physical or mental shock, a stress of nervous excitement may be produced in a spectator which stills the reflective faculties and removes their control, so that the utterance which then occurs is a spontaneous and sincere response to the actual sensations and perceptions already produced by the external shock. Since this utterance is made under the immediate and uncontrolled domination of the senses, rather than reason and reflection, and during the brief period when consideration of self-interest could not have been fully brought to bear, the utterance may be taken as expressing the real belief of the speaker as to the facts just observed by him."

■ In the immediate case it is apparent that the trial judge was justified in admitting the statement of the victim's brother as a spontaneous exclamation. To a five-year-old child the experience of seeing his four-year-old sister put out the back door into the night

time by a comparative stranger and the door locked against her must have been so unusual as to be startling. It is difficult to see how a five-year-old, in the few moments that elapsed before he made the statement, could have dissembled. The statement most certainly had reference to the startling occurrence which had just transpired. See *State v. Hutchison*, 222 Or 533, 353 P2d 1047.

■ The defendant attaches some importance to the fact that the brother who related that which he had seen was not himself the victim of the unusual occurrence. The only difference this would make on the admissibility of a statement is that a victim would be likely to suffer more nervous excitement than a spectator. However, if a situation is shown to exist which would cause excitement in a spectaror, his statements are no less admissible than those of a victim if other requisites of the exception to the rule are met.

Prior to opening statements the court ordered that all witnesses should be excluded from the courtroom while not testifying, as is permitted by ORS 45.510. The first witness called was the physician who treated the little girl shortly after the claimed attack upon her. From his testimony it was apparent that through inadvertence the physician had been in the courtroom and heard the opening statements.

"Q And what was this history?

"A You mean the history as to injury to the child?

"Q Yes.

"A The mother stated to me that—essentially what you have said to the jury beforehand, that the child had been criminally assaulted—they thought by a person they knew."

The defendant immediately moved for a mistrial on the ground that the court's order had been disobeyed, which motion was denied. The court very carefully explained the matter to the jury and instructed them to disregard the utterances of the witness which referred to the opening statement of counsel for the state.

ORS 45.510 provides as follows:

"If either party requires it, the judge may exclude from the courtroom any witness of the adverse party not at that time under examination, so that he may not hear the testimony of the other witnesses."

It is apparent that the witness could not have heard the testimony of others as he was the first witness called. In any event, the trial court felt that the defendant had not been prejudiced by the witness's remark and so stated. The allowance or denial of a motion for a mistrial under such circumstances is within the discretion of the trial judge and is not to be disturbed by this court unless there is an obvious abuse of discretion, which does not appear here.

Defendant charges as error the court's failure to instruct upon the crime of attempted rape. Defendant, in his brief, states:

"It is conceded that the defendant did not request an instruction on the lesser included offense of Attempted Rape nor did he take an exception to the Court's failure to give such an instruction * * *."

The defendant has answered his own claim of error. In the absence of a request for an instruction on a lesser included crime, it is not error for the court to fail to give it. *State v. Cain,* 230 Or 286, 369 P2d 769;

*State v. Carcerano,* 238 Or 208, 390 P2d 923. For tactical reasons a defendant may not desire such an instruction and should not thereafter be able to take advantage of the court's failure to give it unless it has been requested.

 The defendant claims there was not sufficient evidence of penetration to justify submission of the crime of rape to the jury. The physician who treated the child testified that when he saw her at the hospital she was bleeding from a triangular laceration that he sutured which extended into the vagina and across the hymeneal ring. In addition to the physician's testimony, the witness Allen testified concerning the appearance of the girl's condition. Even the slightest penetration is sufficient. *State v. Wisdom,* 122 Or 148, 257 P 826. There was ample, competent evidence of penetration, given by both medical and lay witnesses, to justify submission of the case to the jury.

The judgment of the trial court is affirmed.