Argued December 7, 1971, affirmed February 2, petition
for rehearing denied March 31, 1972

WRIGHT, *Appellant, v.* SWANN ET AL,
*Respondents.*

493 P2d 148

442

*Raul Soto-Seelig,* Portland, argued the cause for appellant. On the brief was Paul J. Rask, Portland.

*Edward H. Warren,* Portland, argued the cause for respondent Randall Swann. With him on the brief were Hershiser, Mitchell & Warren, Portland.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, TONGUE and HOWELL, Justices.

TONGUE, J.

This is an action for damages sustained by an eight-year-old girl when she was hit by (or ran into) defendant's car in a crosswalk at an intersection. Plaintiff appeals from a judgment based upon a jury verdict in favor of defendant.

Plaintiff's sole assignment of error is that the trial judge erred in overruling her objection to defendant's testimony that immediately after the accident and after he stopped his car and had gone back to where plaintiff lay in the street, an unidentified woman also got out of her car in an excited condition and said "Oh, God * * * It wasn't your fault. She darted out in front of me and ran into the side of your car."

This court has recognized an exception to the general rule against hearsay evidence in cases involving "spontaneous statements" or "excited utterances" and has held that this exception extends to statements made by bystanders, as well as by participants in the so-called "exciting event."[1]

The primary question to be decided in this case is whether the "spontaneous statement" or "excited utterance" of a bystander can be testified to by an interested party who is unable to identify the bystander by name.[2]

In considering this question, the facts are important. Defendant had been driving east on Sandy Boulevard in Portland and had stopped at an intersection to wait for a traffic light to change before making a left turn into N.E. 57th Avenue. It was a rainy night. After the traffic light changed and approaching cars on Sandy had passed he made that turn and was entering 57th Avenue when he heard a "thud" against the left side of his car. He then stopped, saw plaintiff lying near the left rear wheel of his car, and ran back to her.

At that time, according to defendant's testimony, another car was stopped in the opposite lane of traffic on 57th Avenue, apparently waiting for the traffic signal to change before proceeding south into Sandy Boulevard. Defendant testified that the woman driver

---

[1] Bosin v. Oak Lodge San. Dist., 251 Or 554, 564, 447 P2d 285 (1968), and McCormick on Evidence, 580 § 272 (1954).

[2] Plaintiff also contends that the statement was not "spontaneous" because of the length of time between the occurrence and the statement and that this statement was also inadmissible upon the further grounds that it "contained a conclusion of the declarant" and that the testimony was "self-serving."

of that car then got out and immediately made the foregoing statement.

According to defendant, this unidentified woman then got a blanket from her car for the child and stayed with her with an umbrella to keep her from getting wet while defendant called for an ambulance and for the police. She also stayed on to talk to the police officer after the ambulance took the child to the hospital. Defendant testified that he did not get her name because he saw the police officer talking to her and "taking down notes" and assumed that the officer would get that information. He described her, however, as a short, heavy-set woman wearing a light coat and as driving a "white Chevy II station wagon."

The police officer, however, did not get her name, but did testify that upon his arrival a woman was holding an umbrella over the child and that he talked to her "very slightly." He had no independent recollection of what, if anything, she told him.

The written accident report of the police officer also makes no mention of the name and address of any such witness. It does, however, state that:

> "Pedestrian ran out into the crosswalk on a pedestrian walk light * * *. Girl missed being hit by another car then ran into side of #1 vehicle * * *."

The officer testified that he "can only assume that it [the description of the accident in his report] came from the woman that I did have—that was attending the child," but that it "could" have come from defendant. Defendant testified that he gave no such statement to the police officer and could not have done so.

Plaintiff testified that she started across the intersection when the pedestrian traffic signal turned to "walk," after looking both ways, and that she had no further memory of the accident. Plaintiff's mother arrived later at the scene of the accident and then went to the hospital with defendant. Defendant testified that at the hospital that night she told him that plaintiff told her not to blame him; that it wasn't his fault, and that she "ran into his car." Plaintiff's mother did not testify at the trial, according to the partial transcript submitted on appeal.

1. *There was sufficient evidence that the statement was "spontaneous."*

Plaintiff first contends that the statement by the unidentified woman was not an "excited utterance" or "spontaneous exclamation" within the meaning of that exception to the hearsay rule.

■ It is true, as contended further by plaintiff, that in order to qualify as such a statement (1) there must have been some occurrence startling enough to produce nervous excitement so as to render the statement spontaneous and unreflecting; (2) the statement must have been made before there was time to contrive and misrepresent; and (3) the statement must relate to the circumstances of the exciting occurrence. *State v. Kendrick,* 239 Or 512, 515-516, 398 P2d 471 (1965), and 6 Wigmore on Evidence 142, § 1750 (3d ed 1940).

Plaintiff does not deny that the accident in this case qualifies as a sufficiently "exciting occurrence" or that the statement by the unidentified woman related to that occurrence. As to the remaining requirement, defendant testified that she made that statement immediately after the accident and as both she

and defendant got out of their cars and converged upon the child as it lay on the street. He also testified that she appeared to be excited at that time and started by saying "Oh, God, * * *."

■■ We hold that this testimony was sufficient as the basis for a finding by the trial judge that the statement was made before there was time to reflect or contrive and that it was an "excited utterance" or "spontaneous statement." Such a finding is ordinarily a matter for determination by the trial judge. See *Bosin v. Oak Lodge San. Dist.,* 251 Or 554, 564, 447 P2d 285 (1968), and Wigmore, *supra,* 154, § 1750.

■ The fact that such testimony was given by a party to the case was a circumstance to be considered by the trial court in deciding whether the statement was "spontaneous," but that fact alone did not require a finding to the contrary. See Note, 22 Minn L Rev 390, 402 (1938). See also discussion below.

2. *The statement was not inadmissible because it contained a "conclusion."*

■ It is true, as contended by plaintiff, that the statement by the unidentified woman that "It wasn't your fault" was a conclusion or opinion. Since, however, no objection on that ground was made by plaintiff at the time of trial it may not properly be argued by plaintiff for the first time on appeal. *State v. Klamert,* 253 Or 485, 488, 455 P2d 607 (1969). If such an objection had been made and sustained, that portion of the statement could have been omitted and the testimony limited to the remaining, and more important, part: "She darted out in front of me and ran into the side of your car." Cf. *State v. Latta,* 246 Or 218, 223, 425 P2d 186 (1967).

■ In addition, there is good authority in support of the view that the rule excluding opinion evidence should have no application when the opinion is part of a "spontaneous statement" or "excited utterance," particularly when coupled with a statement of facts which explain, characterize or "throw light" on the "exciting occurrence." See McCormick on Evidence 38, 582, §§ 18, 272 (1954).[⑨] But see Annot., 163 ALR 15, 186-191 (1946).

■ *3. The statement was not inadmissible as a "self-serving statement."*

Plaintiff contends that to permit a party to a case to testify to a statement made by a third party is to permit, in effect, the giving of "self-serving" testimony; that the unreliability of such testimony is "obvious" because it permits a party to "make evidence" for himself and that "it is the kind of untrustworthy testimony the hearsay rule was created to exclude."

Again, no such objection was made by plaintiff at the time of trial, the only objection being that the offered testimony was inadmissible upon the ground that it was "hearsay."

■ It is well established, however, that the fact that testimony given by a party may be self-serving, including testimony relating to statements by other persons, is not an independent ground for the exclusion

---

[⑨] Plaintiff cites McKenzie Transport Leas. Co. v. St. Louis Pub. Serv. Co., 349 SW2d 370, 374 (Mo App 1961); Field v. North Coast Transp. Co. et al, 164 Wash 123, 2 P2d 672 (1931); and Klever v. Elliott et al, 212 Or 490, 320 P2d 263 (1958), as holding to the contrary. In our view, *McKenzie* and *Field* are not persuasive, and *Klever* did not involve an "excited utterance" or "spontaneous statement."

of such testimony and that when testimony by a party relates to statements by other persons falls within one of the exceptions to the hearsay rule it should be admitted even though offered by a party on his own behalf. McCormick, *supra,* 588, § 275. See also Wigmore, *supra,* 100-102, § 1732, and 22 Minn L Rev, *supra,* at 398, 402-404.

■ 4. *The fact that a "spontaneous statement" was made by a bystander not identified by name does not require the exclusion of testimony by a party to such a statement.*

Plaintiff concedes that a "spontaneous statement" by a bystander may be admissible even though the bystander is not identified by name, as in *Hornschuch v. Southern Pac. Co. et al,* 101 Or 280, 203 P 886 (1921). In that case this court held (at p 290) admissible the "spontaneous statement" of a witness that an unidentified "lady in the Ford" at a railroad crossing stood up and said "Stop" just before plaintiff's automobile was hit by a train.

Plaintiff contends, however, that testimony relating to such a statement by an unidentified bystander is admissible only when such testimony is given by a witness with no interest in the outcome of the case and is not admissible when given by an interested party to the case.[⊕]

As previously stated, the fact that testimony relating to a "spontaneous statement" is given by an

[⊕] In support of that contention plaintiff cites Haase v. O. R. & N. Co., 19 Or 354, 24 P 238 (1890). That case is not in point, however, because the statement by the unidentified person in that case was not contended to be a "spontaneous statement" and did not relate to any "exciting occurrence." Moreover, the testimony relating to that statement was not held inadmissible because such testimony was given by an interested party.

interested party and is thus claimed to be "self-serving" does not provide an independent ground for the exclusion of such testimony. It also appears that courts which have considered the more specific question of the admissibility of testimony by an interested party relating to "spontaneous statements" by an unidentified bystander have held that such testimony is admissible even though given by an interested party. See *New York, C. & St. L. R. Co. v. Kovatch,* 120 Ohio 532, 166 NE 682 (1929) (administrator and brother of decedent testified that after the accident an unidentified child said "The engine runned over David"), citing other cases to the same effect. See also *Armborst v. Cincinnati Traction Co.,* 25 F2d 240 (6th Cir 1928) (plaintiff testified that after accident an unidentified man ran up and said "Lady, * * * you were throwed off that car"); and *Atlanta Consol St. Ry Co. v. Bagwell,* 107 Ga 157, 33 SE 191 (1899) (plaintiff testified that just prior to the accident unidentified "people on the street were screaming for the motor man to stop"). In *Hornschuch v. Southern Pac. Co. et al, supra,* at 289, this court cited *Atlanta Consol St. Ry Co. v. Bagwell, supra,* with apparent approval.

Other courts, although affirming the exclusion of such testimony, have held that whether to admit or exclude testimony by a party of "spontaneous statements" by an unidentified bystander is a question to be decided by the trial judge after considering the particular facts and circumstances. See *Potter v. Baker,* 162 Ohio 488, 124 NE2d 140 (1955), after citing, at 144, with apparent approval, its previous decision in *New York, C. & St. L. R. Co. v. Kovatch, supra.* See also Wigmore, *supra,* 154, § 1750. Indeed, this court in *Bosin v. Oak Lodge San. Dist., supra,* at 564 (although not involving testimony by an interested party), held

that in considering the admissibility of testimony involving a "spontaneous statement" by a bystander "the trial judge must be given considerable lee-way of decision," citing McCormick, *supra*, 580, § 272.

It must be recognized that to permit an interested party to testify to such statements made by an unidentified person at the scene of the automobile accident carries with it the risk of perjured testimony of statements by so-called "phantom witnesses" and that the purpose of the hearsay rule is to exclude testimony of out-of-court statements because of the risk of their unreliability. The risk of perjured testimony, however, is inherent in much testimony given by interested parties in automobile accident cases, as well as in other cases, and exceptions to the hearsay rule have long been recognized when supported by special reasons for reliability, including the exception relating to "spontaneous statements." Indeed, the trend is to extend, rather than to limit, the application of that exception. McCormick, *supra*, 583, § 272.

It may also be contended that in this case the unidentified woman was not a "phantom witness" because her existence was recognized by the police officer and the substance of her statement, although not the source, was included in his report. In addition, it may be contended that the participant in an automobile accident should not be forbidden from testifying to the "spontaneous statement" of a bystander witness to the accident because a police officer fails to perform his duty to get the name of the witness and that such would be the result of excluding the testimony in this case.

■ In any event, under the established rules of evidence, including the rules relating to "spontaneous

statements," the risk of perjured testimony by an interested party is not an independent ground for the exclusion of testimony that would be admissible if given by an uninterested third party. Instead, this is a matter which goes to the credibility, rather than the admissibility, of such testimony. As such, it is for the jury to consider the source of such testimony, among other circumstances, in deciding whether to believe the testimony and the fact that it was given by an interested party does not provide an independent ground upon which a trial court may properly exclude such testimony from consideration by the jury.

As stated by this court in *Sheedy v. Stall*, 255 Or 594, 468 P2d 529 (1970), at p 596:

"* * * It is not the untrustworthiness of the testimony of the witness on the stand who is asked to testify to what the declarant said that causes the exclusion of hearsay testimony. The credibility of the witness can be tested by cross-examination. The problem of the trustworthiness of the witness in the courtroom is the same whether the witness is testifying to another's conduct or to another's words. * * *."

For all of these reasons, it follows that the trial judge in this case did not err in admitting into evidence the testimony objected to by the plaintiff and that the verdict of the jury and judgment of the trial court must be affirmed.

O'CONNELL, C. J., dissenting.

Recognizing that the modern trend in revamping the law of evidence is to relax the exclusionary rules of hearsay, nevertheless I think that the statement purported to have been made by the so-called "phantom witness" should not have been admitted into evidence.

I realize that defendant's testimony cannot be excluded simply because it may be self-serving.[1] However, if the evidence is not only self-serving but is attributable to a source which is anonymous, then I think that it should be excluded. Where the declarant is identified the adversary can verify whether the statement was in fact made. But with an anonymous declarant a party witness is free to create phantom witnesses and put in their mouths whatever words are necessary to establish an exception to the hearsay rule.[2] As a safeguard against this danger we should require the party witness to identify the source of the declaration. This was not done in the present case, even with the aid of the police report.

I would exclude the evidence even if the alleged statement had referred only to the fact that the child had run into the side of defendant's car. The statement is even more objectionable in that it expresses the declarant's conclusion as to defendant's fault. In holding that this kind of evidence is admissible the court is inviting parties not only to fabricate the observations made by third persons, but to put in their mouths the answer to the question which the jury is asked to decide.

I would hold that the evidence should have been excluded.

HOWELL, J., joins in this dissent.

---

[1] See McCormick on Evidence § 275, p. 588 (1954). There it is also pointed out that a party's out-of-court declarations are admissible if such declarations fall within an exception to the hearsay rule.

[2] Where the witness is not a party to the litigation he should be permitted to testify as to a spontaneous statement made by an anonymous declarant. Under these circumstances, the danger of fabrication present when a party witness testifies is minimized.