STATE OF OREGON, *Respondent,*

*v.*

MICHAEL BRUCE MARLOW, *Appellant.*

(No. 32305, CA 9151)

580 P2d 199

J. Marvin Kuhn, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

W. Benny Won, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

TANZER, J.

## TANZER, J.

Defendant was convicted of burglary in the second degree. ORS 164.215. The issue on appeal is whether introduction of the hearsay testimony of a prosecution witness was prejudicial error.

The charges arose from the burglary of the Peacock Tavern, in Corvallis, where defendant was employed part time. The evidence linking defendant to the offense was circumstantial. Defendant's gloves and trousers were stained with grease which was similar to samples obtained from the kitchen exhaust fan in the tavern. Defendant also owned a pair of shoes which had a sole pattern similar to that of a shoe print found near the rear of the tavern. On the night of the burglary, defendant visited another local bar and made disparaging remarks about the Peacock Tavern. Immediately following the burglary, defendant had more money than usual and he spent it freely.

Defendant denied any involvement in the burglary. He testified that he stained his trousers while cleaning the grill at the tavern and that, when working, he routinely went to the rear of the tavern to empty trash bins. He claimed that his improved financial condition was the result of a federal tax refund which he received around the time of the burglary.

The challenged testimony was admitted during the state's case-in-chief. A witness testified that, on the day after the burglary, he left Corvallis with John Sundberg en route to Alaska. This testimony followed:

"Q Do you recall [Sundberg] telling you anything about where he had been in the early morning hours?

"A Yes, I do.

"Q What did he tell you?

"[DEFENSE COUNSEL]: Objection, hearsay.

"A Oh, very good.

"THE COURT: Well, what is it you're attempting to establish here, Mr. [prosecutor]?

"[PROSECUTOR]: Your Honor, if we might approach the bench.

[ 925 ]

"THE COURT: You may.

"(The Court and counsel confer)

"[THE WITNESS] I'd rather be in a pear tree than—could I get a glass—thank you. Hello, I'm Johnny Cash. Seventy-five dollars, Mike. [sic]

"Q Mr. Kali, did Mr. Sundberg tell you where he had been the early morning hours?

"A Yes, he did.

"Q Where was that?

"A Peacock Tavern.

"Q All right. And what was the nature of his being there, was it a break-in?

"A Stealing or something.

"Q Did he indicate to you whether or not he received some of the proceeds of that?

"A Yes, he did.

"Q Now, did he tell you whether it was some or all—

"A Some."

This testimony relating to Sundberg's involvement in the burglary was non-excepted hearsay which should have been excluded. *See, State v. Kendrick*, 239 Or 512, 515, 398 P2d 471 (1965); *State v. Poole*, 31 Or App 925, 930, 572 P2d 320 (1977); McCormick, Evidence, 584 (2d ed E. Cleary 1972). Thus, the relevant inquiry is whether its erroneous admission was harmful.[1] Or Const, Art VII, § 3; *see, State v. Van Hooser*, 266 Or 19, 511 P2d 359 (1973).

Because the hearsay statement indicates that Sundberg shared the proceeds of the burglary, it suggests that he acted in concert with another person. Although the statement itself does not imply that defendant was Sundberg's accomplice, evidence that Sundberg and defendant were acquainted and lived in the same apartment building implies a connection between the two men. Defendant testified that he and

---

[1]The state contends that defendant has waived his hearsay objection because the court's ruling on the objection is not on the record. It is apparent that after defendant properly objected, the court's ruling was made in an unreported colloquy. After the colloquy, the prosecutor repeated the question and it was answered without further objection. From this, we infer that defendant's objection was overruled.

Sundberg were together on the night of the burglary. When viewed in light of all the evidence, the clear implication of the hearsay statement was that defendant was likely to have been the person with whom Sundberg shared the proceeds, *i.e.,* that defendant and Sundberg burglarized the tavern together. Indeed, the only relevance of the hearsay was to support such an inference.

Because of the relative weakness of the state's circumstantial case,[2] there is a reasonable possibility that the improperly admitted evidence influenced the jury's verdict. Accordingly, admission of the evidence was prejudicial error. *State v. Van Hooser*; *State v. Poole*, 31 Or App at 932.

Reversed and remanded for new trial.

---

[2]The evidence in this case was sufficient to create a jury question as to defendant's guilt. *State v. Krummacher*, 269 Or 125, 523 P2d 1009 (1974). Therefore, defendant's motion for judgment of acquittal was properly denied. However, in denying defendant's motion, the court acknowledged that the evidence of defendant's guilt was slight.