Argued May 24, affirmed August 20, 1979

STATE OF OREGON,
*Respondent,*
*v.*
STANLEY COON,
*Appellant.*

(No. 7841-C CA 11465,
No. 7842-C, CA 11466)
(Cases Consolidated.)
599 P2d 1200

James E. Mountain, Jr., Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Karen H. Green, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

Defendant seeks reversal of his convictions for first degree theft. ORS 164.005. Defendant cites as error the overruling of his objections to certain testimony elicited by the prosecution from its own witness and the denial of his motion to dismiss the indictments because of pre-indictment delay. We affirm.

Defendant was charged by three indictments with three incidents of first degree theft and convicted of two of the charges. At trial, the prosecutor advised the court that the case had been brought primarily on the strength of testimony before the grand jury of an admitted participant in the thefts which implicated defendant in the crimes and that the state had been informed that the witness planned to change his testimony. The prosecutor further gave notice to the court and opposing counsel of his intention to impeach the witness with prior inconsistent statements.

When the witness was called by the state he admitted that he and another accomplice had committed burglaries. He stated that he did not remember what he had told investigating authorities that he had done with the stolen goods and denied giving any of the proceeds of the burglaries to defendant. He denied telling the police that he had given defendant property which defendant knew to be stolen and said that he could not remember what he had told the grand jury.

The witness was then asked about an out-of-court conversation he had had with the district attorney that morning. He denied telling the district attorney that he would rather lie and stay alive than tell the truth or that he had stated he was afraid defendant would have someone kill him if he told the truth.

On the second day of trial, the witness was recalled and recanted his testimony of the previous day, implicating defendant in two of the three burglaries. When asked by the prosecutor why he had lied on the stand the previous day, the witness said he had been scared.

[571]

The prosecutor again asked the witness, over defense objections, about the out-of-court statements he had made to the district attorney. The witness this time admitted he had told the district attorney he was afraid that if he told the truth, defendant would have someone kill him.[1]

Defendant contends that the state should not have been permitted to question the witness about his

---

[1] Following is the pertinent portion of the exchange between the prosecutor and witness.

"MR. RICHARD:  Q.  Yesterday you were asked a number of questions including—regarding an interview between you and Mr. Stapleton in the presence of Officer Dougherty of the Klamath Falls Sheriff Office, do you remember that interview?

"A.  Yes, I do.

"Q.  Do you remember your testimony about that interview yesterday?

"A.  Yeah.

"Q.  Do you remember being asked the question whether or not you made a statement that you would rather lie and stay alive than tell the truth?

"A.  Yes, I did make that statement.

"Q.  So, when you denied it yesterday—

"MR. STEELE:  I'll object to this on the basis of hearsay. It's irrelevant and incompetent and immaterial.

"THE COURT:  The objection is overruled.

"MR. RICHARD:  Q.  When you were asked by Mr. Stapleton—were you asked the question by Mr. Stapleton and did you give the response to the question are you afraid that if you get up and tell the truth that Stanley Coon would kill you and your answer was no, he would be in the penitentiary, was that question asked and did you give that answer?

"A.  Yes, that was my answer.

"Q.  Then the question was asked immediately after, 'Are you afraid he would have someone else do it,' and did you give the following answer? 'Yes.'

"A.  Yes.

"MR. STEELE:  I would object to that question and ask that it be stricken.

"THE COURT:  The objection is overruled and the motion is denied in this context."

[572]

out-of-court statements to the district attorney on either of the occasions when the witness took the stand.

■ On the first day of trial, after being called on behalf of the state, the witness gave testimony damaging to the state's case. Therefore, the state's questions were permissible for purposes of impeaching the witness for bias. *State v. Estlick,* 269 Or 75, 523 P2d 1029 (1974). ORS 45.590.

■ The same questions were used on the second day to rehabilitate the credibility of the witness after he had recanted the previous day's testimony. Defendant argues that under these circumstances the testimony was inadmissible hearsay. Since witness' statements were used to show his fear they were, in fact, hearsay or "an assertion made out of court as testimony to the truth of the fact asserted." *State v. Kendrick,* 239 Or 512, 515, 398 P2d 471 (1965). However, because the statements were offered to show the witness' state of mind, they fell within the state of mind exception to the hearsay rule and were properly admitted. McCormick, Evidence 694-96 (2d ed E. Cleary 1972).[2]

■ Defendant also cites as error the trial court's denial of his oral motion, made on the third day of trial, for dismissal of the indictments on the ground of unreasonable preindictment delay. The Supreme Court has previously held that a defendant waives his right to a dismissal for unreasonable delay in bringing a

---

[2] McCormick explains the reliability of these statements as follows:

"* * * While * * * a state of mind may be proved by the person's actions, the declarations of the person whose state of mind is at issue are often a primary source of evidence on this matter. * * *

"The special assurance of reliability for declarations of present state of mind rests, as in the case with declarations of bodily condition, upon their spontaneity and probable sincerity. [Footnote omitted.] This is assured by the requirements that the declarations must purport to relate to a condition of mind or emotion existing at the time of the statement and must have been made under circumstances indicating apparent sincerity. [Footnote omitted] * * *" McCormick, Evidence 694-95 (2d ed E. Cleary 1972).

defendant to trial by waiting until after the jury is impaneled to move for dismissal. *State v. Gardner,* 233 Or 252, 260, 377 P2d 919 (1963). We hold the same principal of waiver to apply in the case of a preindictment delay and hold that defendant in this case waived his right to a dismissal for preindictment delay by waiting until after commencement of the trial to make his motion.

Affirmed.